UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MANDY G. JOHNSON

VERSUS

CAMPUS APARTMENTS, LLC

CIVIL ACTION

NO. 18-259-BAJ-EWD

**<u>NOTICE AND ORDER</u>**

Plaintiff, Mandy G. Johnson ("Plaintiff"), filed a Petition for Damages (the "Petition") against Campus Apartments, LLC ("Campus Apartments" or "Defendant") for personal injuries. Plaintiff alleges that while helping her daughter move into an apartment, Defendant's leasing agent attempted to replace an air conditioner filter in the apartment while standing on a chair, that the chair broke, and that the leasing agent fell on Plaintiff.[1] Per her Petition, Plaintiff alleges that she "sustained personal injuries to her head, neck, back, shoulders, arms, legs, elbows, wrists, fingers, toes, hips, knees, ankles, torso, chest, ribs, abdomen, pelvis and/or body as a whole."[2] Plaintiff seeks damages for "pain, suffering, grief, mental anguish, medical expenses, lost income, loss of enjoyment of life, residential [sic] disability, and any and all other elements of personal injury damages suffered…."[3]

On March 7, 2018, Campus Apartments removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] In the Notice of Removal, Campus Apartments alleges that "based on the allegations contained in Plaintiff's Petition," Plaintiff "is a citizen of the State of Louisiana" and that it "is a Pennsylvania limited liability company with its principal place of business in the State of Pennsylvania."[5]

---

[1] R. Doc. 1-3, ¶ 3.
[2] R. Doc. 1-3, ¶ 4.
[3] R. Doc. 1-3, ¶ 7.
[4] R. Doc. 1.
[5] R. Doc. 1, ¶¶ I & II.

In her Petition, Plaintiff alleges that she is a "resident of East Baton Rouge Parish, State of Louisiana."[6] It appears that Campus Apartments relies on this assertion to support its statement that Plaintiff is a citizen of Louisiana. However, in order to allege the citizenship of an individual, that individual's domicile must be alleged. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). Moreover, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). Campus Apartments' allegation regarding its own citizenship is insufficient because Campus Apartments has failed to set forth each member of the limited liability and the citizenship of each member.

Additionally, it is not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00. In the Petition, there is no allegation regarding Plaintiff's specific injuries, nor is there any information regarding lost income, the extent of her alleged disability, or her medical expenses. In its Notice of Removal, Campus Apartments contends that Plaintiff "is still treating since the incident with an orthopedist as well as a pain management physician and has

---

[6] R. Doc. 1.

been ordered to undergo a lumbar spine MRI."[7] There is no indication in the Notice of Removal regarding the amount of Plaintiff's medical expenses. Campus Apartments then cites case law purporting to support damage awards in excess of the jurisdictional threshold for similar injuries. Without additional information regarding Plaintiff's injuries, the undersigned cannot determine whether the cases relied on by Campus Apartments are persuasive. While Campus Apartments contends that Plaintiff failed to offer a pre-removal stipulation regarding her amount of damages, this court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis. *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017). Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Campus Apartments, LLC shall file a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that alleges the domicile of Plaintiff and the citizenship of Campus Apartments, LLC. Campus Apartments, LLC shall have seven (7) days from this Notice and Order to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that Campus Apartments, LLC shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

---

[7] R. Doc. 1, ¶ X.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of Campus Apartments, LLC's memorandum.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 9, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**