UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MANDY G. JOHNSON

VERSUS

CAMPUS APARTMENTS, LLC

CIVIL ACTION

NO. 18-259-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MANDY G. JOHNSON

VERSUS

CAMPUS APARTMENTS, LLC

CIVIL ACTION

NO. 18-259-BAJ-EWD

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by defendant, Campus Apartments, LLC ("Campus Apartments" or "Defendant"). The Motion to Remand was filed on March 19, 2018, and pursuant to Local Civil Rule 7(f), any opposition to the Motion to Remand was due by April 9, 2018. No opposition has been filed, and therefore the undersigned considers the Motion to Remand to be unopposed. For the reasons set forth herein, the undersigned RECOMMENDS[2] that the Motion to Remand be GRANTED and that this suit be remanded to the 19th Judicial District Court for the State of Louisiana.

**I.    Background**

Plaintiff, Mandy G. Johnson ("Plaintiff"), filed a Petition for Damages (the "Petition") against Campus Apartments for personal injuries. Plaintiff alleges that while helping her daughter move into an apartment, Defendant's leasing agent attempted to replace an air conditioner filter in the apartment while standing on a chair, that the chair broke, and that the leasing agent fell on Plaintiff.[3] Per her Petition, Plaintiff alleges that she "sustained personal injuries to her head, neck, back, shoulders, arms, legs, elbows, wrists, fingers, toes, hips, knees, ankles, torso, chest, ribs,

---

[1] R. Doc. 3.

[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[3] R. Doc. 1-3, ¶ 3.

2

abdomen, pelvis and/or body as a whole."[4]  Plaintiff seeks damages for "pain, suffering, grief, mental anguish, medical expenses, lost income, loss of enjoyment of life, residential [sic] disability, and any and all other elements of personal injury damages suffered…."[5]

On March 7, 2018, Campus Apartments removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6]  On March 9, 2018, Campus Apartments was ordered to file a Motion to Substitute its Notice of Removal with a Notice of Removal that adequately alleged the citizenship of Plaintiff and Campus Apartments.[7]  Additionally, the court found that it was not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00.  Accordingly, the court *sua sponte* raised the issue of whether the amount in controversy requirement of 28 U.S.C. § 1332 was met, and ordered Campus Apartments to submit a memorandum and supporting evidence regarding that issue.[8]

On March 19, 2018, in lieu of filing the as-ordered Motion to Substitute the Notice of Removal and the memorandum and supporting evidence regarding the amount in controversy, Campus Apartments filed the instant Motion to Remand.[9]  Therein, Campus Apartments asserts that on the day it removed this action, it learned that Plaintiff intended to add a non-diverse defendant.[10]  Additionally, Campus Apartments avers that "[d]espite the efforts of undersigned

---

[4] R. Doc. 1-3, ¶ 4.

[5] R. Doc. 1-3, ¶ 7.

[6] R. Doc. 1.

[7] R. Doc. 2.

[8] R. Doc. 2.

[9] R. Doc. 3.

[10] R. Doc. 3-1, p. 1.

3

counsel, defendant has also been unable to obtain any medical records, bills or other supporting evidence to meet its burden of proving that the amount in controversy is satisfied."[11]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[12] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[13] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[14] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[15] The removing party has the burden of proving federal diversity jurisdiction.[16] Remand is proper if at any time the court lacks subject matter jurisdiction.[17]

---

[11] R. Doc. 3-1, p. 2.

[12] 28 U.S.C. § 1332(a)-(a)(1).

[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[14] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).

[15] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[16] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[17] *See*, 28 U.S.C. § 1447(c).

## B. Campus Apartments Has Not Met Its Burden of Proving that the Parties Are Completely Diverse

In the Notice of Removal, Campus Apartments alleges that "based on the allegations contained in Plaintiff's Petition," Plaintiff "is a citizen of the State of Louisiana" and that it "is a Pennsylvania limited liability company with its principal place of business in the State of Pennsylvania."[18]  These allegations are insufficient.  In order to allege the citizenship of an individual, that individual's domicile must be alleged.[19]  To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[20]  The same requirement applies to any member of a limited liability company which is also a limited liability company.[21]  Here, Campus Apartments' Notice of Removal fails to adequately allege the citizenship of either Plaintiff or Campus Apartments.  Rather than file the required Motion to Substitute, Campus Apartments has filed the instant Motion to Remand.  As currently plead, Campus Apartments has not met its burden of establishing that the parties to this suit are completely diverse.[22]

---

[18] R. Doc. 1, ¶¶ I & II.

[19] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").  Per Plaintiff's Petition, she alleges she is a "resident of East Baton Rouge Parish…." R. Doc. 1-3.

[20] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[21] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[22] Campus Apartments' assertion that Plaintiff seeks to add a non-diverse defendant is neither here nor there.  If Campus Apartments adequately alleged the citizenship of itself and Plaintiff, and if those allegations evidenced complete diversity between the parties, Plaintiff's future intention to add a non-diverse defendant would not destroy this court's subject matter jurisdiction.  "A possible future destruction of diversity, even by the addition of an indispensable party, is not a proper ground for remand."  *Lillie v. Wyeth-Ayerst Laboratories*, Civ A. No. 94-1744, 1994 WL 532091, at * 1 (E.D. La. Sept. 26, 1994).  *See also*, *Oiler v. Biomet Orthopedics, Inc.*, No. Civ. A. 02-3778, 2003 WL 22174285, at * 6 (E.D. La. Sept. 17, 2003) (same); *McQuiston v. Boston Scientific Corp.*, Civil Action No. 07-1723, 2008 WL 104210, at *1 (W.D. La. Jan. 9, 2008) ("Diversity…is determined based on the parties actually named in this suit.  A possible future destruction of diversity, even by the promised later addition of an indispensable

### C. Campus Apartments Has Not met Its Burden of Proving that the Amount In Controversy Requirement Is Met

In the Petition, there is no allegation regarding Plaintiff's specific injuries, nor is there any information regarding lost income, the extent of her alleged disability, or her medical expenses. In its Notice of Removal, Campus Apartments contends that Plaintiff "is still treating since the incident with an orthopedist as well as a pain management physician and has been ordered to undergo a lumbar spine MRI."[23] There is no indication in the Notice of Removal regarding the amount of Plaintiff's medical expenses. In the Notice of Removal, Campus Apartments cites case law purporting to support damage awards in excess of the jurisdictional threshold for similar injuries. However, without additional information regarding Plaintiff's injuries, the undersigned cannot determine whether the cases relied on by Campus Apartments are persuasive. While Campus Apartments contends that Plaintiff failed to offer a pre-removal stipulation regarding her amount of damages, this court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis.[24] As noted above, the undersigned previously found that the information contained in the Notice of Removal and Plaintiff's Petition was insufficient to establish that the amount in controversy requirement for federal subject matter jurisdiction is met.

---

party, is not a proper ground for remand."); *Hydro-Action, Inc. v. James*, Civil Action No. 1:02-619, 233 F.Supp.2d 836, 839 (E.D. Tex. Dec. 11, 2002) (denying motion to remand and explaining, *inter alia*, that "Hydro-Action states that it intends to add Larry Jernigan as a defendant in this action. Jernigan is from Lumberton, Texas, and would destroy complete diversity. While the addition of Jernigan as a party could divest this court of jurisdiction, that issue is not properly before the court at this time.").

[23] R. Doc. 1, ¶ X.

[24] *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017).

It is Campus Apartment's burden to prove by a preponderance of the evidence the amount in controversy.[25] "This court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount."[26] Here, Campus Apartments has not attempted to meet its burden and has instead filed the instant Motion to Remand.

### III.    Recommendation

For the reasons set forth herein, it is the recommendation of the Magistrate Judge that the Motion to Remand[27] be GRANTED and this matter REMANDED to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

<em>Erin Wilder-Doomes</em>

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[26] *Jackson v. Perez*, Civil Action No. 13-504, 2013 WL 5741757, at * 2 (M.D. La. Oct. 22, 2013) (citing, *inter alia*, *Eakels v. Allstate Ins. Co.*, Civil Action No. 10-657, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), report and recommendation adopted, 2011 WL 289669 (M.D. La. Jan. 25, 2011)); *Bennet v. State Farm Fire & Cas. Co.*, Civil Action No. 10-636, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), report and recommendation adopted, 2011 WL 2843051 (M.D. La. July 18, 2011).

[27] R. Doc. 3.